### CENTRAL TRUST CO. v. THIRD AVENUE RY. CO. et al.

(Circuit Court, S. D. New York. January 6, 1908.)

STREET RAILROADS—RECEIVERS—SUIT TO FORECLOSE MORTGAGE.

The bondholders of a street railroad company in a suit by the trustee to foreclose the mortgage *held*, on the face of the bill, entitled to the appointment of a temporary receiver.

In Equity. On motion for appointment of receiver.

Bowers & Sands, for complainant.

James L. Quackenbush, for defendant New York City Ry. Co.

J. Parker Kirlin, for defendant Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge (orally). Manifestly upon the face of the bill, and counsel in the case do not in any way controvert it, the bondholders under this large Third avenue mortgage are entitled as of right to the appointment of a temporary receiver, to be made permanent when the time comes to declare the principal due, and to proceed with the foreclosure. Of course, whatever order is prepared will contain proper clauses for the return of the property and the cessation of the holding or activity of the receiver in the event of the payment of the interest before the expiration of the days of grace. That a receiver should now be appointed is certain. That there should be two receivers appointed at this stage of the case seems wholly unreasonable and unwarranted, and unnecessarily expensive. One receiver can discharge the functions perfectly well. If, in the future, it should become necessary to unite to the receiver, who is a lawyer, some other receiver who may be a business man or an operating or financial man, or for some other reason such as the circumstances that conflicting camps of bondholders, represented by their respective committees, reach such a stage of entanglement that it seems necessary that both should be represented in the management, the occasion can then be availed of, but to undertake now to appoint two receivers to discharge the functions about to be intrusted to a receiver of the Third Avenue Railway Company seems to me most unwise, and not to be considered.

There remains then only the question as to who the receiver shall be. Mr. Whitridge has been nominated by the trustee under the mortgage and by the committee of bondholders who represent substantially a majority of the bonds, even if through some technicality a number of bonds are not yet actually filed. From the stockholders, so far as we hear anything from them, there comes no objection to his selection, only from certain bondholders vague criticisms upon the propriety of the court making such an appointment upon the request of a majority of the bondholders. The court, on the contrary, has reason to feel

thankful that a gentleman of such professional and personal standing in this community is willing to accept the position. It is a thankless office, the receivership of a public service corporation; it is laborious and engrossing of time; it is fretting, irksome, and exasperating. The work is so large, and the details so manifold and complicated. There are so many diverse interests and such a multitudinous number of persons to be considered and planned for. And it grows still more wearisome, because it seems as if it must always be done in a constant atmosphere of suspicion and misrepresentation, and under an intermittent downpour of unfounded criticism, not malicious at all, save possibly in a few instances, but merely uninformed and thoughtless. For it seems to run with the popular humor to assume that no one who is discharging functions which affect the public, or large interests even, ever acts with a single desire to do his duty; that there must be some mysterious, some devious and hidden ulterior object to be unearthed, that he is striving to find what there is in it for himself or for his friends. It is a mistaken notion. There are in this community to-day as many men as there ever were who, whatever the work that may be alotted to them to do, public or private, are content to do it faithfully, with a scrupulous regard for the rights of all affected. It is a source of gratification and comfort to any court to know that when the occasion arises for the services of trustees in such matters it can always find men who for upwards of a generation have, within this community, practiced their profession or transacted their business not in a small way, but active, energetic, achieving success, broadening in experience, dealing with large affairs; and who yet throughout their whole career have so conducted themselves that no one can point a finger to any transaction of theirs in which they have not acted as upright and honorable men, and in accordance with the best ideals of their business or profession. This court has always been able to find such men, as undoubtedly it always will be, who, often at some personal sacrifice, are willing to accept such burdensome offices, and, when appointed, the court can rest assured that all interests committed to their charge are in safe hands.